FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

October 2005 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR 06- 61 |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; |
| JONG OCK MAO,<br>  a.k.a. Jong Ock Hahn,<br>  a.k.a. Kimberly Mao,<br>  a.k.a. June,<br>EDWARD LUTT,<br>  a.k.a. Tony,<br>CHARLES EDWARD FIELDS, and<br>RANDALL GLEN JOHNSON, | 18 U.S.C. § 1956(h): Money<br>Laundering Conspiracy; 18<br>U.S.C. § 1952(a)(3):<br>Interstate Travel and Use of<br>Interstate Facilities to<br>Promote and Carry On Unlawful<br>Activity; 18 U.S.C. § 1957:<br>Engaging in Monetary<br>Transactions with Criminally<br>Derived Property] |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.    INTRODUCTION

At all times relevant to this Indictment:

1.    ZNC Plaza Management, Inc. ("ZNC Plaza") is and was a California corporation wholly owned by defendant JONG OCK MAO,

also known as ("a.k.a") Jong Ock Hahn, a.k.a. Kimberly Mao,
a.k.a. June ("MAO").

2. Plaza Sunset Investments, LP ("Sunset Investments) is
and was a California corporation wholly owned by defendant MAO.

3. Countrywide Investments, LLC was a California
corporation wholly owned by defendant MAO.

4. Jong Consulting, Inc. is and was a California
corporation wholly owned by defendant MAO.

5. Hou Acupuncture, located at 4809 Firestone Blvd., South
Gate, California, was a fictitious business name used by Choon
Kwak that offered prostitution services to its customers.

6. Eddie's Nutrition Weight Watcher, located at 4809
Firestone Blvd., South Gate, California, was a fictitious
business name used by defendant CHARLES EDWARD FIELDS ("FIELDS")
that offered prostitution services to its customers.

7. Le Sun Spa, located at 917 South La Brea Avenue,
Inglewood, California, was a fictitious business name used by
defendant FIELDS that offered prostitution services to its
customers.

8. Tanning and Foot Salon, located at 917 South La Brea
Avenue, Inglewood, California, is and was a fictitious business
name used by defendant FIELDS that offered and offers
prostitution services to its customers.

9. Spa Acupuncture, located at 327 W. Manchester Blvd.,
Inglewood, California, was a fictitious business name used by
Sang Il Chin that offered prostitution services to its customers.

10. Club La Paz, located at 327 W. Manchester Blvd,

Inglewood, California, is and was a fictitious business name used

by defendant RANDALL GLEN JOHNSON ("JOHNSON") that offered and

offers prostitution services to its customers.

11.   Health Therapy, located at 13523 Francisquito Avenue,

Baldwin Park, California, was a fictitious business name used by

JOHNSON that offered prostitution services to its customers.

12.   Paradise Spa, located at 1114 North Industrial Blvd.,

Dallas, Texas, is and was a fictitious business name used by

FIELDS that offered and offers prostitution services to its

customers.

13.   By this reference, the Grand Jury incorporates and

realleges in each count of the indictment the preceding

Introductory Allegations as though set forth in full therein.

B.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury and continuing

to on or about April 5, 2006, in Los Angeles County, within the

Central District of California, and elsewhere, defendants MAO,

EDWARD LUTT, a.k.a. Tony ("LUTT"), FIELDS, and JOHNSON, and

others known and unknown to the Grand Jury, knowingly conspired

and agreed with each other to travel in interstate commerce and

use the mail and facilities of interstate commerce to promote,

manage, establish, carry on, and facilitate the promotion,

management, establishment, and carrying on, of an unlawful

activity, namely, a business enterprise involving prostitution in

violation of California Penal Code Section 647(b), and thereafter

performed and attempted to perform acts to promote, manage,

establish, and carry on, and to facilitate the promotion,

management, establishment, and carrying on, of said activity, in violation of 18 U.S.C. § 1952(a)(3).

B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

14.    Defendant MAO would cause defendant FIELDS and JOHNSON to obtain business licenses and establish businesses that appeared to provide legitimate personal care services, such as massage therapy, tanning, acupressure, acupuncture, and chiropractic adjustments, when in fact, as defendants well knew, the business establishments offered customers sexual services in exchange for money (hereinafter these business establishments will be commonly referred to as the "Prostitution Businesses").

15.    Defendants FIELDS and JOHNSON would appear as the owners of the prostitution businesses to conceal the fact that, as defendants well knew, defendant MAO was the de facto owner of the prostitution businesses.

16.    Defendants LUTT, FIELDS, and JOHNSON would open bank accounts for the prostitution businesses, using their own names, to conceal the fact that, as defendants well knew, defendant MAO controlled most of the proceeds generated by the prostitution businesses.

17.    Defendant LUTT, on a regular basis, would collect the cash generated by the prostitution businesses and would cause the proceeds to be deposited into multiple bank accounts.

- 4 -

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, on or about the following dates, defendants MAO, LUTT, FIELDS, and JOHNSON, and other co-conspirators known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including but not limited to the following:

18.  On or about  August 3, 1999, defendant MAO opened a business checking account, at Bank of America, in Los Angeles, California, in the name of ZNC Plaza, account number 1067301413 (the "ZNC Plaza Account").

19.  In tax year 1999, Spa Acupuncture paid defendant MAO $52,092.00 and Jong Consulting, Inc., $24,361.00.

20.  In tax year 2000, Spa Acupuncture paid Jong's Consulting, Inc., $204,960.00.

21.  Between tax years 1999 and 2002, Hou Acupuncture paid defendant MAO $460,951.00, designating the funds as "management fee" or "outside contracting fee."

22.  Between tax years 1999 and 2002, Hou Acupuncture paid ZNC Plaza $1,823,984.00 designating the funds as "management fee" or "outside contracting."

23.  Between November 6, 2001, and January 31, 2002, defendant MAO wrote multiple checks, drawn on the ZNC Plaza Account, to pay remodeling expenses for a business identified on the memo line of the checks as "917 La Brea."

24.  On or about January 31, 2002, defendant FIELDS obtained a business license for a business known as Tanning and Foot

Salon, at 917 South La Brea Avenue, Inglewood.

25.  On or about March 26, 2002, defendant MAO wrote check number 1317, drawn upon the ZNC Plaza Account, to purchase a cashier's check from Bank of America to pay six months of rent for the property located at 917 South La Brea Avenue, Inglewood, California, the commercial space first occupied by Le Sun Spa and subsequently by Tanning and Foot Salon.

26.  In tax year 2002, defendant FIELDS, doing business as Le Sun Spa, at 917 South La Brea Avenue, Inglewood, paid ZNC Plaza approximately $500,000.00, designating the funds as "management fee."

27.  On or about January 31, 2002, defendant JOHNSON obtained a fictitious business license for a business known as Club La Paz, at 327 Manchester Blvd., Inglewood, California.

28.  On or about April 15, 2003, defendant MAO wrote check number 1659 in the amount of $19,941.00, drawn upon the ZNC Account, made payable to Club La Paz, designating the funds as tax related payments.

29.  On or about December 2, 1999, defendant JOHNSON obtained a fictitious business license for a business known as Health Therapy, at 13523 Francisquito Avenue, Baldwin Park, California.

30.  In tax year 2002, defendant JOHNSON, doing business as Health Therapy, paid defendant MAO $250,000.00.

31.  In tax year 2002, defendant JOHNSON, doing business as Health Therapy, paid Countrywide Investments, LLC, $100,000.00.

32.  In tax year 2002, defendant JOHNSON, doing business as

Health Therapy, paid Jong Consulting, Inc., $216,000.00.

33.   On or about April 29, 2003, defendant FIELDS obtained a business license for a business known as Eddie's Nutrition Weight Watcher, at 4809 Firestone Blvd., South Gate, California.

34.   Between 2003 and 2004, defendant MAO wrote approximately 13 checks, drawn upon the ZNC Plaza Account, to pay rent for commercial space located at 4809 Firestone Blvd., South Gate, California, the commercial space first occupied by Hou Acupuncture and subsequently by Eddie's Nutrition and Weight Watcher.

35.   Between July 2001 and April 2005, defendant LUTT ordered and received, from Kern Surgical Supply, approximately $12,000.00 worth of KY Jelly, a personal lubricant.

36.   On or about May 16, 2005, defendant LUTT went from Eddie's Nutrition Weight Watcher to a Bank of America, in Downey, California, and deposited into the ZNC Plaza Account approximately $7,160.00 in cash.

37.   On or about November 16, 2005, defendant LUTT made three separate cash deposits, less than $10,000.00 each, into the ZNC Plaza Account, totaling approximately $21,810.00.

38.   On or about December 8, 2004, defendant MAO wrote a check, drawn upon the ZNC Plaza Account, payable to "cash," in the sum of $30,000.00, designating the funds as "business Dallas" and "contract price."

39.   On or about December 15, 2004, defendant LUTT traveled from Los Angeles County, California, to Dallas, Texas.

40.   On or about December 15, 2004, defendant FIELDS

traveled from Los Angeles County, California, to Dallas, Texas.

41.   On or about December 25, 2004, defendant MAO wrote a check to LUTT in the sum of $10,000.00, drawn upon the ZNC Plaza Account, and designated the funds as "borrow for business purchase in Dallas."

42.   On or about December 26, 2004, defendant LUTT traveled from Los Angeles County, California, to Dallas, Texas.

43.   On or about December 28, 2004, defendant FIELDS obtained a fictitious business license for a business known as Paradise Spa, in Dallas, Texas.

44.   On or about December 28, 2004, defendants LUTT and FIELDS opened a joint business checking account at Bank of America, in Dallas, Texas in the name of "Paradise Spa," account number 004786264179 (the "Paradise Spa Account").

COUNT TWO

[18 U.S.C. § 1956(h)]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about April 5, 2006, in Los Angeles County, within the Central District of California and elsewhere, defendants MAO, LUTT, FIELDS, JOHNSON, and others known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed with each other to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions would involve the proceeds of specified unlawful activity, that is, violations of 18 U.S.C. § 1952(a)(3), traveling in interstate commerce and using the facilities of interstate commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on a business enterprise involving prostitution, (a) with the intent to promote the carrying on of said specified unlawful activity; and (b) knowing the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of said proceeds, and that while conducting and attempting to conduct such financial transactions, defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(A).

- 9 -

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
ACCOMPLISHED

    1.   The allegations in paragraphs fourteen through
seventeen are realleged as if set forth in full here.

C.   OVERT ACTS

    In furtherance of the conspiracy, and to accomplish the
objects of conspiracy, defendants MAO, LUTT, FIELDS, and JOHNSON,
and others co-conspirators known and unknown to the Grand Jury,
committed the following over acts, among others, within the
Central District of California and elsewhere:

    2.   The allegations in paragraphs seventeen through forty-
four above are realleged as if set forth in full here.

    3.   On or about May 14, 2003, defendant JOHNSON opened a
business checking account in the name of "Club La Paz Salon," at
Bank of America, Los Angeles, California, account number
0353804015 (the "Club La Paz Account").

    4.   Between on or about May 14, 2003 and September 12,
2005, defendants JOHNSON and LUTT caused to be deposited into the
Club La Paz Account approximately $403,851.81 in cash.

    5.   On or about May 14, 2002, defendant MAO caused Sunset
Investments to sell to Maria Bishop, the ex-wife of defendant
LUTT, a commercial property located at 327 W. Manchester,
Inglewood, California, the commercial property first occupied by
Spa Acupuncture and subsequently by Club La Paz.

    6.   On or about June 28, 2003, defendant JOHNSON wrote
check number 1023, made payable to Maria Bishop, drawn upon the
Club La Paz Account, in the sum of $3,000.00 to pay the July rent

- 10 -

for the commercial space occupied by Club La Paz.

7.   On or about July 25, 2003, defendant JOHNSON caused check number 1023 to be redeposited into the Club La Paz Account.

8.   On or about April 26, 2004, defendant JOHNSON wrote check number 1217, made payable to Maria Bishop, drawn upon the Club La Paz Account, in the sum of $3,000.00 to pay the May rent for the commercial space occupied by Club La Paz.

9.   On or about May 4, 2004, defendant JOHNSON caused check number 1217 to be redeposited into the Club La Paz Account.

10.   On or about July 27, 2005, defendant JOHNSON wrote check number 1524, made payable to Maria Bishop, drawn upon the Club La Paz Account, in the sum of $3,000.00 to pay for the August rent for the commercial space occupied by Club La Paz.

11.   On or about August 1, 2005, defendant JOHNSON caused check number 1524 to be redeposited into the Club La Paz Account.

12.   In or about August 2005, defendant MAO caused Maria Bishop to refinance the mortgage on the commercial property located at 327 W. Manchester, Inglewood, California, to cash out the equity in the 327 W. Manchester property.

13.   On or about August 25, 2005, defendant MAO caused Maria Bishop to direct Service Escrow Company to wire into MAO's personal checking account at Bank of America (account number 1067207982) approximately $163,207.51, which were the funds generated by refinancing the 327 W. Manchester commercial property.

14.   Between January 3, 2005 and December 27, 2005, defendants LUTT and FIELDS caused to be deposited into the

Paradise Spa Account approximately $55,950.00 in cash.

15.  On or about March 9, 2005, defendant FIELDS wrote check number 1013, drawn upon the Paradise Spa Account, in the sum of $2,900.00 to pay rent for the commercial space occupied by Paradise Spa.

16.  On or about April 12, 2005, defendant LUTT wrote check number 1080, drawn upon the Paradise Spa Account, in the sum of $3,255.00 to pay rent and utilities for the commercial space occupied by Paradise Spa.

17.  On or about April 15, 2005, defendant LUTT wrote check number 1079, made payable to ZNC Plaza, drawn upon the Paradise Spa Account, in the sum of $2,000.00.

18.  On or about December 7, 1999, defendant JOHNSON opened a business checking account in the name of "Health Therapy and Rehabilitation," at Bank of America, Los Angeles, California, account number 0353919417 (the "Health Therapy Account").

19.  Between on or about February 4, 2000 and September 12, 2005, defendants JOHNSON and LUTT caused to be deposited into the Health Therapy Account approximately $671,811.00 in cash.

20.  On or about October 8, 2004, defendant FIELDS opened a business checking account at Bank of the West, in Los Angeles, California, in the name of "Eddie's Nutrition," account number 692021868 (the "Eddie's Nutrition Account").

21.  Between on or about August 1, 2005 and October 11, 2005, FIELDS and LUTT caused to be deposited into the Eddie's Nutrition Account approximately $27,300.00 in cash.

- 12 -

COUNTS THREE THROUGH TWENTY-SIX

[18 U.S.C. § 1952(a)(3) and § 2]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendants JONG OCK MAO, also known as ("a.k.a.") Jong Ock Hahn, a.k.a. Kimberly Mao, a.k.a. June ("MAO"), EDWARD LUTT, a.k.a. Tony ("LUTT"), CHARLES EDWARD FIELDS ("FIELDS"), and RANDALL GLEN JOHNSON ("JOHNSON"), aiding and abetting each other, used and caused to be used facilities in interstate and foreign commerce, with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on, of an unlawful activity, namely, a business enterprise involving prostitution in violation of California Penal Code Section 647(b), and thereafter performed and attempted to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on, of said unlawful activity.

| COUNT | DATE | USE OF INTERSTATE FACILITIES |
|---|---|---|
| Three | 7/24/2001 | Purchased approximately 70 tubes of KY Jelly for $110.88 and paid with a credit card issued by Bank One to defendant LUTT, credit card number 4417162407103115 (the "Bank One Credit Card") |
| Four | 9/20/2001 | Purchased approximately 70 tubes of KY Jelly for $110.88 and paid with the Bank One Credit Card |

| COUNT | DATE | USE OF INTERSTATE FACILITIES |
|---|---|---|
| Five | 10/25/2001 | Purchased approximately 70 tubes of KY Jelly for $110.88 and paid with the Bank One Credit Card |
| Six | 2/14/2002 | Purchased approximately 280 tubes of KY Jelly for $410.88 and paid with the Bank One Credit Card |
| Seven | 4/18/2002 | Purchased, through the Internet, approximately 70 tubes of KY Jelly, for $110.88 and paid with the Bank One Credit Card |
| Eight | 5/20/2002 | Purchased, through the Internet, approximately 70 tubes of KY Jelly for $110.88 and paid with the Bank One Credit Card |
| Nine | 7/8/2002 | Purchased, through the Internet, approximately 100 tubes of KY Jelly for $154.00 and paid with the Bank One Credit Card |
| Ten | 9/13/2002 | Purchased, through the Internet, approximately 144 tubes of KY Jelly for $221.76 and paid with the Bank One Credit Card |
| Eleven | 10/28/2002 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twelve | 12/23/2002 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Thirteen | 1/23/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Fourteen | 3/13/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |

- 14 -

| COUNT | DATE | USE OF INTERSTATE FACILITIES |
|---|---|---|
| Fifteen | 4/24/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $221.76 and paid with the Bank One Credit Card |
| Sixteen | 6/11/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $221.76 and paid with the Bank One Credit Card |
| Seventeen | 9/17/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Eighteen | 12/5/2003 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Nineteen | 2/8/2004 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty | 4/26/2004 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty-one | 6/1/2004 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty-two | 7/20/2004 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty-three | 12/21/2004 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty-four | 1/26/2005 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |

| COUNT | DATE | USE OF INTERSTATE FACILITIES |
|---|---|---|
| Twenty-five | 2/10/2005 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |
| Twenty-six | 4/5/2005 | Purchased, using a telephone, approximately 144 tubes of KY Jelly for $239.04 and paid with the Bank One Credit Card |

COUNT TWENTY-SEVEN

[18 U.S.C. § 1952(a)(3) and § 2]

On or about December 26, 2004, in Los Angeles County, within the Central District of California and elsewhere, defendants EDWARD LUTT, a.k.a. Tony ("LUTT"), and CHARLES EDWARD FIELDS, aiding and abetting each other, traveled in interstate commerce from Los Angeles, California, to Dallas, Texas, with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on, of an unlawful activity, namely, a business enterprise involving prostitution in violation of California Penal Code Section 647(b), and thereafter performed and attempted to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on, of said unlawful activity.

COUNTS TWENTY-EIGHT THROUGH THIRTY-FIVE

[18 U.S.C. §§ 1957(a), 2]

On or about the following dates, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant JONG OCK MAO, also known as ("a.k.a.") Jong Ock Hahn, a.k.a. Kimberly Mao, a.k.a. June knowingly engaged, attempted to engage, and aided, abetted, counseled, commanded, induced and procured the following monetary transactions, by and through a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity:

| COUNT | DATE | AMOUNT | FINANCIAL TRANSACTION |
|---|---|---|---|
| Twenty-eight | 1/9/2002 | $208,000.00 | Issued check no. 1011, drawn upon Bank of America account No. 10671-03357, to purchase real estate located at 9240 Garden Grove Blvd., Garden Grove, California |
| Twenty-nine | 1/9/2002 | $171,000.00 | Issued check No. 1257, drawn upon Bank of America account No. 10673-01413 (the "ZNC Plaza Account"), to purchase real estate located at 9240 Garden Grove Blvd., Garden Grove, California |
| Thirty | 2/27/2002 | $20,000.00 | Issued check No. 1298, drawn upon the ZNC Plaza Account, to purchase real estate property located at 4813 Firestone Blvd., South Gate, California |

- 18 -

| COUNT | DATE | AMOUNT | FINANCIAL TRANSACTION |
|-------|------|--------|----------------------|
| Thirty-one | 3/6/2002 | $20,600.00 | Issued check No. 1305, drawn upon the ZNC Plaza Account, made payable to Hou Acupuncture |
| Thirty-two | 5/14/2002 | $135,000.00 | Deposited check No. 1375, drawn upon the ZNC Plaza Account, made payable to "cash" into a bank account in the name of "Countrywide Investments" |
| Thirty-three | 1/8/2003 | $60,000.00 | Deposited check No. 1576, drawn upon the ZNC Plaza Account, made payable to "Jong Ock Mao," into defendant MAO's personal Bank of America account, account No. 10672-07982 |
| Thirty-four | 1/29/2003 | $50,000.00 | Deposited check No. 1591, drawn upon the ZNC Plaza Account, made payable to "Jong Ock Mao," into defendant MAO's personal Bank of America account, account No. 10672-07982 |
| Thirty-five | 4/29/2003 | $130,000.00 | Deposited check No. 1685, drawn upon the ZNC Plaza Account, made payable to "Jong Ock Mao," into defendant MAO's personal United Commercial Bank account, account No. 356022825 |
| Thirty-six | 4/7/2004 | $99,900.00 | Deposited cash into the ZNC Plaza Account |

| COUNT | DATE | AMOUNT | FINANCIAL TRANSACTION |
|-------|------|--------|----------------------|
| Thirty-seven | 9/30/2005 | $40,000.00 | Deposited check No. 2910, drawn upon the ZNC Plaza Account, into a Bank of America business account under the name MX Oasis, Inc., account No. 0980912176 |
| Thirty-eight | 11/29/2005 | $60,000.00 | Deposited check No. 2922, drawn upon the ZNC Plaza Account, into a Bank of America business account under the name MX Oasis, Inc., account No. 0980912176 |

COUNT THIRTY-EIGHT THROUGH FORTY

[18 U.S.C. §§ 1957(a), 2]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDWARD LUTT, also known as Tony knowingly engaged, attempted to engage, and aided, abetted, counseled, commanded, induced and procured the following monetary transactions, by or through a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity:

| COUNT | DATE | AMOUNT | FINANCIAL TRANSACTION |
|---|---|---|---|
| Thirty-eight | 5/20/2002 | $44,000.00 | Purchased a cashier's check from Bank of America, made payable to Town Center Escrow, to purchase real estate located at 327 Manchester Blvd., Inglewood, California |
| Thirty-nine | 5/20/2002 | $12,890.00 | Purchased a cashier's check from Bank of the West, made payable to Town Center Escrow, to purchase real estate located at 327 Manchester Blvd., Inglewood, California |

| COUNT | DATE | AMOUNT | FINANCIAL TRANSACTION |
|-------|------|--------|----------------------|
| Forty | 5/20/2002 | $17,000.00 | Purchased a cashier's check from Washington Mutual Bank, made payable to Town Center Escrow, to purchase real estate located at 327 Manchester Blvd., Inglewood, California |

A TRUE BILL


/ S /
_____
Foreperson

DEBRA WONG YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office

- 22 -