GEORGE S. CARDONA
Acting United States Attorney
WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office
CARMEN R. LUEGE
Assistant United States Attorney
California Bar Number:   115905
    Ronald Reagan Federal Building
    411 W. Fourth Street, Ste. 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3538
    Facsimile: (714) 338-3708
    E-mail:   carmen.luege@usdoj.gov

Attorney for Plaintiff
United States of America



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>CHARLES EDWARD FIELDS,<br><br>                    Defendant. | ) SA CR No. 06-61-JVS<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>CHARLES FIELDS</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    1.   This constitutes the plea agreement between Charles
Fields ("defendant") and the United States Attorney's Office for
the Central District of California ("the USAO") in the above-
captioned case.   This agreement is limited to the USAO and cannot
bind any other federal, state or local prosecuting,
administrative or regulatory authorities.

<u>PLEA</u>

    2.   Defendant agrees to plead guilty to counts one and two
of the indictment in <u>United States v. Charles Fields</u>, SA CR No.
06-61-CJC.

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count one, which charges a violation of Title 18 U.S.C. 371, the following must be true: (a) there was an agreement between two or more persons to travel in interstate commerce and use the facilities of interstate commerce to promote, manage, establish, and carry on a unlawful business enterprise, in this case prostitution, in violation of 18 U.S.C. § 1952(a)(3); (b) defendant became a member of the conspiracy knowing its object and intending to help accomplish it; and (c) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

To establish a violation of 18 U.S.C. § 1952(a)(3) the government must prove as follows: (a) a defendant traveled in interstate or used interstate facilities with the intent to promote or facilitate the promotion of an unlawful activity (here a prostitution business enterprise); and (b) a defendant performed an act in interstate commerce in furtherance of the unlawful activity.

In order for defendant to be guilty of count two, which charges a violation of Title 18 U.S.C. 1956(h), the following must be true: (a) there was an agreement between two or more persons to conduct financial transactions affecting interstate commerce in violation of 18 U.S.C. § 1956(a)(1); (b) defendant became a member of the conspiracy knowing its object and intending to help accomplish it; and (c) one of the members of

the conspiracy performed at least one overt act for the purpose
of carrying out the conspiracy.

To establish a violation of 18 U.S.C. § 1956(a)(1) the
government must prove as follows: (a) a defendant conducted a
financial transaction involving property that represented the
proceeds of specified unlawful activity, that is, violations of
18 U.S.C. § 1952(a)(3), (b) the defendant knew that the property
represented the proceeds of said unlawful activities; and
(c) the defendant acted with the intent to promote the carrying
on of the unlawful activity or defendant knew that the financial
transaction was designed to conceal or disguise the nature,
source, ownership or control of the proceeds of the unlawful
activities.

Defendant admits that defendant is, in fact, guilty of the
offenses as described in counts one and two of the indictment.

PENALTIES

4.   The statutory maximum sentence that the Court can impose
for a violation of Title 18, United States Code, Section 371 is:
5 years imprisonment; a three-year period of supervised release;
a fine of $250,000 or twice the gross gain or gross loss
resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.   The statutory maximum
sentence that the Court can impose for a violation of Title 18,
United States Code, Section 1956(h) is: 20 years imprisonment; a
three-year period of supervised release; a fine of $500,000 or
twice the gross gain or gross loss resulting from the offense,

1  whichever is greatest; and a mandatory special assessment of
2  $100.  Therefore, the total maximum sentence for all offenses to
3  which defendant is pleading guilty is: 25 years imprisonment; a
4  three-year period of supervised release; a fine of $750,000.00
5  dollars or twice the gross gain or gross loss resulting from the
6  offenses, whichever is greatest; and a mandatory special
7  assessment of $200.

8      5.  Supervised release is a period of time following
9  imprisonment during which defendant will be subject to various
10  restrictions and requirements.  Defendant understands that if
11  defendant violates one or more of the conditions of any
12  supervised release imposed, defendant may be returned to prison
13  for all or part of the term of supervised release, which could
14  result in defendant serving a total term of imprisonment greater
15  that the statutory maximum stated above.

16      6.  Defendant also understands that, by pleading guilty,
17  defendant may be giving up valuable government benefits and
18  valuable civic rights, such as the right to vote, the right to
19  possess a firearm, the right to hold office, and the right to
20  serve on a jury.

21      7.  Defendant further understands that the conviction in
22  this case may subject defendant to various collateral
23  consequences, including but not limited to, deportation,
24  revocation of probation, parole, or supervised release in another
25  case, and suspension or revocation of a professional license.
26  Defendant understands that unanticipated collateral consequences
27
28                                  4

1   will not serve as grounds to withdraw defendant's guilty plea.

2   FACTUAL BASIS

3       8.   Defendant and the USAO agree and stipulate to the

4   statement of facts provided below. This statement of facts

5   includes facts sufficient to support pleas of guilty to the

6   charges described in this agreement and to establish the

7   sentencing guideline factors set forth in paragraph 11 below. It

8   is not meant to be a complete recitation of all facts relevant to

9   the underlying criminal conduct or all facts known to defendant

10   that relate to that conduct.

11       Defendant met co-defendant Jong Ock Mao and learned that Mao

12   operated businesses that appeared to provide legitimate personal

13   care services, such as massage therapy, tanning, acupressure,

14   acupuncture, and chiropractic adjustments, when in fact, the

15   business establishments offered customers sexual services in

16   exchange for money (hereinafter these business establishments

17   will be commonly referred to as the "Prostitution Businesses").

18   When defendant began working for Mao, defendant knew that co-

19   defendant Mao employed multiple females at each prostitution

20   businesses she owned to provide sexual services to customers.

21   Defendant also knew that co-defendant Mao used, or caused others

22   to use, the facilities of interstate commerce to establish and

23   promote her prostitution businesses.

24       Mao paid defendant a monthly income for his services in

25   appearing as the owner of the prostitution businesses to conceal

26   the fact that, as defendant, well knew, co-defendant Mao was the

27

28   5

1 | de facto owner of the prostitution businesses.  To assist
2 | co-defendant Mao to disguise and conceal the true ownership of
3 | her businesses, as well as the profits generated by said
4 | businesses, defendant engaged in the following conduct:

5 | On or about January 31, 2002, defendant obtained a business
6 | license for a business known as Tanning and Foot Salon, at 917
7 | South La Brea Avenue, Inglewood, California.  Although the
8 | business operating at the 917 South La Brea location appeared to
9 | be own by defendant, defendant knew that he was not the owner of
10 | the business and that co-defendant Mao owned the business
11 | operating at that location.  Defendant also knew that the 917
12 | South La Brea location was used as a front to conduct
13 | prostitution activities.  Defendant transferred to co-defendant
14 | Mao the profits generated by the prostitution activities
15 | conducted at the 917 South La Brea location.  In tax year 2002,
16 | defendant submitted a tax return to the IRS that created the
17 | false impression that he owned the business operated at the 917
18 | South La Brea location.  In that tax return defendant reported
19 | that he paid ZNC Plaza a management fee in the sum of
20 | $500,000.00.  At the time defendant submitted this tax return,
21 | defendant knew that the management fee represented the proceeds
22 | of the prostitution activities conducted at the 917 South La Brea
23 | location and that co-defendant Mao owned ZNC Plaza.

24 | On or about April 29, 2003, defendant obtained a business
25 | license for a business known as Eddie's Nutrition Weight Watcher,
26 | at 4809 Firestone Blvd., South Gate.  Although the business
27 |
28 | 6

operating at the 4809 Firestone location appeared to be own by

defendant, defendant knew that he was not the owner of the

business and that co-defendant Mao owned the business operating

at that location.  Defendant also knew that the business

operating at the 4809 Firestone location was used as a front to

conduct prostitution activities and that co-defendant Mao

received the profits from the operation of that business.  On or

about October 8, 2004, defendant opened a business checking

account, at Bank of the West, in the name of Eddie's Nutrition.

Between August 1, 2005, and October 11, 2005, ~~defendant deposited~~
*was deposited into that acct*

~~into that account~~ approximately $27,000.00 in cash ^which

defendant knew represented the proceeds of the prostitution

activities conducted at Eddie's Nutrition.

        On or about December 28, 2004, at Mao's request, defendant

traveled from Los Angeles, California, to Dallas, Texas to

establish a business known as Paradise Spa.  On or about December

28, 2004, defendant obtained a ^*Assumed Name Recd/Cetificate of Ownership*~~business license~~ for Paradise Spa

to create the false impression that he owned Paradise Spa.  At

the time, defendant knew that he was not the true owner of

Paradise Spa and that co-defendant Mao owned the business.

Defendant also knew that Paradise Spa was used as a front to

conduct prostitution activities and that co-defendant Mao

received the profits from the operation of that business.  On or

about December 28, 2004, defendant and co-defendant Edward Lutt

opened a joint business account at Bank of America, in Dallas,

Texas, in the name of Paradise Spa.  Between January 3, 2005, and

*was deposited into the Paradise Spa acct,*

December 27, 2005, ~~defendant deposited into the Paradise Spa~~ *was deposited into the Paradise Spa acct,* ~~bank account~~ approximately $55,950.00 in cash, which defendant knew represented the proceeds of the prostitution activities conducted at Paradise Spa.

## WAIVER OF CONSTITUTIONAL RIGHTS

9.   By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

8

1          g) The right not to be compelled to testify, and, if

2   defendant chose not to testify or present evidence, to have that

3   choice not be used against defendant.

4        By pleading guilty, defendant also gives up any and all

5   rights to pursue any affirmative defenses, Fourth Amendment or

6   Fifth Amendment claims, and other pretrial motions that have been

7   filed or could be filed.

8                         SENTENCING FACTORS

9        10.  Defendant understands that the Court is required to

10  consider the United States Sentencing Guidelines ("U.S.S.G." or

11  "Sentencing Guidelines") among other factors in determining

12  defendant's sentence.  Defendant understands, however, that the

13  Sentencing Guidelines are only advisory, and that after

14  considering the Sentencing Guidelines, the Court may be free to

15  exercise its discretion to impose any reasonable sentence up to

16  the maximum set by statute for the crimes of conviction.

17       11.  Defendant and the USAO agree and stipulate to the

18  following applicable sentencing guideline factors:

19       Base Offense Level  :     14        [U.S.S.G. § 2S1.1(a)(1)]

20       Specific Offense
         Characteristics
21       (§ 1956 conviction) :     +2        [U.S.S.G. § 2S1.1(b)(2)]

22
         Mitigating Role     :     -2        [U.S.S.G. § 3B1.2(b)]
23
     Defendant and the USAO reserve the right to argue that additional
24
     specific offense characteristics, adjustments and departures are
25
     appropriate.
26
         12.  There is no agreement as to defendant's criminal
27

28                                9

1  history or criminal history category.

2      13.  The stipulations in this agreement do not bind either

3  the United States Probation Office or the Court.  Both defendant

4  and the USAO are free to: (a) supplement the facts by supplying

5  relevant information to the United States Probation Office and

6  the Court, (b) correct any and all factual misstatements relating

7  to the calculation of the sentence, and (c) argue on appeal and

8  collateral review that the Court's sentencing guidelines

9  calculations are not error, although each party agrees to

10 maintain its view that the calculations in paragraph 11 are

11 consistent with the facts of this case.

12                    DEFENDANT'S OBLIGATIONS

13     14.  Defendant agrees that he or she will:

14          a) Plead guilty as set forth in this agreement.

15          b) Not knowingly and willfully fail to abide by all

16 sentencing stipulations contained in this agreement.

17          c) Not knowingly and willfully fail to: (i) appear as

18 ordered for all court appearances, (ii) surrender as ordered for

19 service of sentence, (iii) obey all conditions of any bond, and

20 (iv) obey any other ongoing court order in this matter.

21          d) Not commit any crime; however, offenses which would

22 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

23 not within the scope of this agreement.

24          e) Not knowingly and willfully fail to be truthful at

25 all times with Pretrial Services, the U.S. Probation Office, and

26 the Court.

27

28                          10

1      f) Pay the applicable special assessments at or before

2 the time of sentencing unless defendant lacks the ability to pay.

3                        THE USAO'S OBLIGATIONS

4      15.   If defendant complies fully with all defendant's

5 obligations under this agreement, the USAO agrees:

6      a)   To abide by all sentencing stipulations contained

7 in this agreement.

8      b)   At the time of sentencing to move to dismiss the

9 remaining counts of the indictment as against defendant.

10 Defendant agrees, however, that at the time of sentencing the

11 Court may consider the dismissed counts in determining the

12 applicable Sentencing Guidelines range, where the sentence should

13 fall within that range, the propriety and extent of any departure

14 from that range, and the determination of the sentence to be

15 imposed after consideration of the sentencing guidelines and all

16 other relevant factors.

17      c)   At the time of sentencing, provided that defendant

18 demonstrates an acceptance of responsibility for the offenses up

19 to and including the time of sentencing, to recommend a two-level

20 reduction in the applicable sentencing guideline offense level,

21 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

22 move for an additional one-level reduction if available under

23 that section.

24      d)   To recommend that defendant be sentenced at the low

25 end of the applicable Sentencing Guidelines range provided that

26 the total offense level as calculated by the Court is 12 or

27

28                              11

1    higher and provided that the Court does not depart downward in
2    offense level or criminal history category.  If the total offense
3    level falls within Zone C of the sentencing table, the government
4    will recommend a split sentence as authorized by U.S.S.G.
5    §5C1.1(d)(2).

6                        BREACH OF AGREEMENT

7        16.  If defendant, at any time between the execution of this
8    agreement and defendant's sentencing on a non-custodial sentence
9    or surrender for service on a custodial sentence, knowingly
10   violates or fails to perform any of defendant's obligations under
11   this agreement ("a breach"), the USAO may declare this agreement
12   breached.  If the USAO declares this agreement breached, and the
13   Court finds such a breach to have occurred, defendant will not be
14   able to withdraw defendant's guilty plea, and the USAO will be
15   relieved of all of its obligations under this agreement.

16       17.  Following a knowing and willful breach of this
17   agreement by defendant, should the USAO elect to pursue any
18   charge that was either dismissed or not filed as a result of this
19   agreement, then:

20           a)   Defendant agrees that any applicable statute of
21   limitations is tolled between the date of defendant's signing of
22   this agreement and the commencement of any such prosecution or
23   action.

24           b)   Defendant gives up all defenses based on the
25   statute of limitations, any claim of preindictment delay, or any
26   speedy trial claim with respect to any such prosecution, except

27

28                              12

to the extent that such defenses existed as of the date of
defendant's signing of this agreement.

c) Defendant agrees that: i) any statements made by
defendant, under oath, at the guilty plea hearing; ii) the
stipulated factual basis statement in this agreement; and iii)
any evidence derived from such statements, are admissible against
defendant in any future prosecution of defendant, and defendant
shall assert no claim under the United States Constitution, any
statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
the Federal Rules of Criminal Procedure, or any other federal
rule, that the statements or any evidence derived from any
statements should be suppressed or are inadmissible.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

18. Defendant gives up the right to appeal any sentence
imposed by the Court, and the manner in which the sentence is
determined, provided that (a) the sentence is within the
statutory maximum specified above and is constitutional, b) the
Court in determining the applicable guideline range does not
depart upward in offense level or criminal history category, and
determines that the total offense level is 12 or below, and (c)
the Court imposes a sentence within or below the range
corresponding to the determined total offense level and criminal
history category. Defendant also gives up any right to bring a
post-conviction collateral attack on the conviction or sentence,
except a post-conviction collateral attack based on a claim of
ineffective assistance of counsel, a claim of newly discovered

13

1   evidence, or an explicitly retroactive change in the applicable
2   Sentencing Guidelines, sentencing statutes, or statutes of
3   conviction.   Notwithstanding the foregoing, defendant retains the
4   ability to appeal the court's determination of defendant's
5   criminal history category and the conditions of supervised
6   release imposed by the court, with the exception of the
7   following: standard conditions set forth in district court
8   General Orders 318 and 01-05; the drug testing conditions
9   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol
10  and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

11      19.   The USAO gives up its right to appeal the sentence,
12  provided that (a) the Court in determining the applicable
13  guideline range does not depart downward in offense level or
14  criminal history category, (b) the Court determines that the
15  total offense level is 12 and (c) the Court imposes a sentence
16  within or above the range corresponding to the determined total
17  offense level and criminal history category.

18                          COURT NOT A PARTY

19      20.   The Court is not a party to this agreement and need not
20  accept any of the USAO's sentencing recommendations or the
21  parties' stipulations.   Even if the Court ignores any sentencing
22  recommendation, finds facts or reaches conclusions different from
23  any stipulation, and/or imposes any sentence up to the maximum
24  established by statute, defendant cannot, for that reason,
25  withdraw defendant's guilty pleas, and defendant will remain
26  bound to fulfill all defendant's obligations under this
27
28                                  14

agreement.  No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

21.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney


*Carmen Luege*                              *August 20, 2007*
CARMEN R. LUEGE                             Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          08/20/07
CHARLES FIELDS                             Date
Defendant

I am Charles Fields' attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his/her rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____          8/20/07
NICOLETTA MONTEFUSCO COLIN O'NEILL         Date
Counsel for Defendant
Charles Fields

16

# Pleas and Plea-Related Documents

8:06-cr-00061-JVS USA v. Mao et al

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Luege, Carmen on 8/21/2007 at 6:04 PM PDT and filed on 8/21/2007

**Case Name:**      USA v. Mao et al
**Case Number:**     8:06-cr-61
**Filer:**            USA
**Document Number:** 132

**Docket Text:**
PLEA AGREEMENT filed by Plaintiff USA as to Defendant Charles Edward Fields (Luege, Carmen)

**8:06-cr-61-3 Notice has been electronically mailed to:**

Roger Jon Diamond    rogdiamond@aol.com

Stephen G Frye    sgf@sgfryelaw.com

Carmen R Luege    USACAC.SACriminal@usdoj.gov, carmen.luege@usdoj.gov

Elizabeth Macias    zzCAC_FPD_Document_Receiving@fd.org, elizabeth_macias@fd.org

Nicoletta Montefusco    n.montefusco@yahoo.com

Errol H Stambler    estambler@msn.com

Craig M Wilke    zzCAC_FPD_Document_Receiving@fd.org, craig_wilke@fd.org

**8:06-cr-61-3 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\cluege\ECF Filings\CAC.SA.CR0600061.20070821.CL.Fields Plea Agreement.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/21/2007] [FileNumber=4607367-0] [7c4bf228c9807aebd3c165d7392c174449359d4993679837432a294e1aec638e7a97 ddcf75047c9a98ba3da5e74d5d4aecac0ea495fc7b22927f43050e1a8320]]